```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF INDIANA
                      HAMMOND DIVISION
```

BARBARA WAJVODA,              )
                              )
        Plaintiff             )
                              )
        v.                    )   CIVIL NO. 2:11 cv 393
                              )
MENARDS, INC.,                )
                              )
        Defendant             )

## OPINION AND ORDER

This matter is before the court on the Motion For Leave to Amend Complaint filed by the plaintiff, Barbara Wajvoda, on April 27, 2012. For the reasons set forth below, the motion is **DENIED**.

## Background

On October 12, 2011, the plaintiff, Barbara Wajvoda, filed a complaint against Menards, Inc., to recover damages resulting from an injury she suffered by slipping on ice on Menards' property. Wajvoda has learned that Mistic, LLC had a service contract with Menards to perform snow and ice removal services at the time her injury occurred. Wajvoda petitions this court to allow Mistic to be added as an additional defendant in this action.

## Discussion

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given

when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d. 222 (1962).  This Circuit has recognized that because the complaint merely serves to put the defendant on notice, it should be freely amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant.  *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 390 (7th Cir. 2000).  The decision of the court to deny leave to amend a complaint is an abuse of discretion "only if 'no reasonable person could agree with the decision.'"  *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 741 (7th Cir. 2007) (*quoting* *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 925 (7th Cir. 2004)); *Ajayi v. Aramark Business Services*, 336 F.3d 520, 530 (7th Cir. 2003).

Amendments are freely allowed for electing a different remedy than the one originally requested, and a party desiring to change the demand for relief may do so under Rule 15(a).  6 Wright & Miller, *Federal Practice & Procedure* §1474, at 547 (2d ed. 1990).  However, a motion to amend is more likely to be denied if it takes place at a relatively late stage in the proceedings.  *Aldridge v. Forest River, Inc.,* 635 F.3d 870, 875 (7th Cir. 2011); *Winters*, 498 F.3d at 741.  *See also* *James v. McCaw Cellular Communications, Inc.,* 988 F.2d 583 (5th Cir. 1993) (holding that the district court did not abuse its discretion in denying plaintiff's motion to amend where the motion was filed almost 15 months after the original complaint, ten months after

the joinder deadline, five months after the deadline for amendments, and three weeks after the defendant filed motion for summary judgment). The moving party bears the burden to show some valid reason for neglect and delay in seeking to amended the complaint. *Butts*, 387 F.3d at 921. See also *NL Industries, Inc. v. GHR Energy Corp.,* 940 F.2d 957 (5th Cir. 1991) (holding that the court did not abuse its discretion in denying a motion for leave to file second amended complaint where the plaintiff sought to amend its pleading two years after it first brought defendant into the litigation and after the defendant had requested summary judgment, but the plaintiff provided no good reason for not acting sooner).

Leave to amend properly may be denied at the district court's discretion for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman,* 371 U.S. at 182, 83 S.Ct. at 230. "The court may deny a motion to amend based, at least in part, on the fact that the motion to amend was filed after the final deadline set by the court for the filing of amendments." 61A Am.Jur.2d Pleading §779 (2007). See *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314 (5th Cir. 1991) (finding no abuse of discretion where the motion to amend was filed after the final

deadline set by the court for filing amendments and amendment of pleadings under the circumstances would provide no benefit to the moving party).

Menards opposes Wajvoda's motion as untimely. Wajvoda waited six months after her complaint was filed to petition this court to add Mistic as an additional defendant. During this period, Menards had participated in significant discovery and firmly established its position against Wajvoda's claim. By allowing Mistic to be added, Menards would be unduly burdened by having to engage in a more extensive discovery process, as well as reexamine its position relative to the defense of this claim. Additionally, by allowing Wajvoda to amend her complaint, this court would be permitting Wajvoda to defeat the requisite diversity in this matter, leaving this court without subject matter jurisdiction. Wajvoda had the burden to show a reason for the delay in seeking an amendment, and as no legitimate reason was given by Wajvoda for why she waited six months to amend her complaint, Wajvoda's motion is deemed not timely.

_____

For the foregoing reasons, the Motion for Leave to Amend Complaint filed by the plaintiff, Barbara Wajwoda, on April 27, 2012, is **DENIED**.

ENTERED this 14th day of August, 2012

                                    s/ ANDREW P. RODOVICH
                                       United States Magistrate Judge