UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Barbara Wajvoda | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:11-cv-393-RL-APR |
| | ) |
| Menard, Inc., | ) |
|     Defendant. | ) |
| Menard, Inc. | ) |
| | ) |
|     Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Mistic, LLC, | ) |
| | ) |
|     Third-Party-Defendant. | ) |

OPINION AND ORDER

This matter is before the court on the Motion to Stay [DE 45] filed by the defendant, Menard, Inc., on November 20, 2013. For the following reasons, the motion is **DENIED,** and the court **RECOMMENDS** that Menard's third-party complaint be **DISMISSED WITHOUT PREJUDICE**.

*Background*

On October 16, 2013, third-party defendant, Mistic, LLC, filed a motion for summary judgment, asking the court to grant judgment in its favor because the parties' contract had a binding arbitration clause. Menard subsequently agreed to arbitrate the matter on the condition that Mistic would withdraw its motion for summary judgment and agree to stay the proceedings. Counsel for Mistic would not agree to those terms. Menard proceeded to file the present motion

1

to stay the proceedings. Mistic opposes the motion, arguing that Menard's third-party complaint should be dismissed.

*Discussion*

A court has incidental power to stay proceedings, which stems from its inherent power to manage its docket. ***Landis v. North American Co.***, 299 U.S. 248, 254-255, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936); ***Walker v. Monsanto Co. Pension Plan***, 472 F.Supp.2d 1053, 1054 (S.D. Ill. 2006). The decision to grant a stay is committed to the sound discretion of the court and must be exercised consistent with principles of fairness and judicial economy. ***Brooks v. Merck & Co.***, 443 F.Supp. 2d 994, 997 (S.D. Ill. 2006); ***Rutherford v. Merck & Co.***, 428 F.Supp. 2d 842, 845 (S.D. Ill. 2006); ***George v. Kraft Foods Global***, 2006 U.S. Dist. LEXIS 92886, *4 (S.D. Ill. 2006).

"Courts often consider the following factors when deciding whether to stay an action: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." ***Abbott Laboratories v. Matrix Laboratories, Inc***., 2009 WL 3719214, *2 (N.D.Ill. 2009). "The general test for imposing a stay requires the court to 'balance interests favoring a stay against interests frustrated by the action' in light of the 'court's paramount obligation to exercise jurisdiction timely in cases properly before it.' " ***SanDisk Corp. v. Phison Electronics Corp.***, 538 F.Supp.2d 1060, 1066 (W.D.Wis.2008) (citing ***Cherokee Nation of Oklahoma v. United States***, 124 F.3d 1413, 1416 (Fed.Cir. 1997)).

The parties dispute whether the present matter should be stayed or dismissed pending

arbitration. Title 9 U.S.C. § 3 states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

There is a split among circuits on whether §3 mandates a stay or whether it remains in the judge's discretion to dismiss the case. *See* Angelina M. Petti, Note, *Judicial Enforcement of Arbitration Agreements: The Stay-Dismissal Dichotomy of FAA Section 3*, 34 Hofstra L.Rev. 565 (2005). The Seventh Circuit has not addressed this issue directly, but it stated that "the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright." **Halim v. Great Gatsby's Auction Gallery**, Inc., 516 F.3d 557, 561 (7th Cir.2008) (quoting **Cont'l Cas. Co. v. Am. Nat'l Ins. Co.**, 417 F.3d 727, 732 n. 7 (7th Cir.2005)). "However, in **Tice v. American Airlines, Inc**., the court noted that a stay is the normal course of action but left open the option of dismissal in certain cases: '[D]istrict courts should retain jurisdiction over a suit that must be interrupted for reference of an issue to another forum rather than dismiss it if, should it be dismissed, there might later be grounds for reinstating it.'" **Waldbillig v. SSC Germantown Operating Co., LLC**, 2010 WL 1688535, *10 (E.D. Wis. April 26, 2010) (citing **Tice v. American Airlines, Inc**., 288 F.3d 313, 318 (7th Cir. 2002)). The Seventh Circuit also has affirmed dismissals by district courts. *See* **Baumann v. Finish Line, Inc**., 421 F. App'x 632, 636 (7th Cir. 2011); **Am. Int'l. Specialty Lines Ins. Co. v. Elec. Data Sys. Corp**., 347 F.3d 665, 668 (7th Cir. 2003); **McCaskill v. SCI Mgmt. Corp**., 298 F.3d 677, 679 (7th Cir. 2002).

Other district judges within our Circuit have held that the FAA did not limit a court's discretion to dismiss the case. Rather, the determinative issue was whether retaining jurisdiction would be fruitless. *Waldbillig*, 2010 WL 1688535 at \*10. "[I]f all of the issues raised in the district court must be submitted to arbitration, then a court may dismiss the case without prejudice." ***Baumann v. The Finish Line, Inc***., 2009 WL 2750094, \*3 (citing ***DeGroff v. MascoTech Forming Techs.-Fort Wayne, Inc***., 179 F .Supp.2d 896, 914 n. 20 (N.D.Ind. 2001) (citing ***Alford v. Dean Witter Reynolds, Inc.***, 975 F.3d 1161, 1164 (5th Cir. 1992)) ("[W]here all the issues raised in the district court must be submitted to arbitration, the clear weight of authority supports dismissal of the case."). For example, in *Waldbillig*, the court dismissed the action because the arbitrator's decision would address all of the issues presented to the court, be binding on both parties, and no advisory arbitration decision or appeal to a court were indicated in the agreement. *Waldbillig*, 2010 WL 1688535 at \*10. The court explained that arbitration was not an interruption of the proceedings and that after arbitration there would be no grounds for reinstating the case. *Waldbillig*, 2010 WL 1688535 at \*10.

Menard concedes that the parties' contract states that arbitration is "binding" and "non-appealable". Menard has not identified any issues that would not be subject to arbitration and would be left for the court to decide, but it argues that there are grounds on which the court may need to intervene later, including if the award is procured by corruption, fraud, or undue means; whether there is corruption on the part of the arbitrator; where the arbitrator refuses to hear pertinent evidence; or where the arbitrator exceeds his power. However, "the potential grounds for refusing enforcement [of an arbitration award] is extraordinarily narrow." ***Dean v. Sullivan***, 118 F.3d 1170, 1171 (7th Cir. 1997). After arbitration there will be no issues left for the court to

4

resolve, except those which may potentially arise because of problems with the arbitration and are extraneous to the matters presently before the court. Therefore the court **RECOMMENDS** that Menard's third-party complaint be **DISMISSED WITHOUT PREJUDICE.**

ENTERED this 3rd day of February, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge