```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF INDIANA
             HAMMOND DIVISION
```

```
BARBARA WAJVODA,               )
                               )
     Plaintiff,                )
                               )
     vs.                       )      NO. 2:11-CV-393
                               )
MENARD, INC.                   )
                               )
     Defendant.                )
```

## OPINION AND ORDER

This matter is before the Court on the Motion to Strike Transcript of Recorded Statement Marked as Exhibit D, filed by the plaintiff, Barbara Wajvoda, on February 15, 2015 (DE #57), and the Defendant's Motion to Strike Affidavits of Plaintiff and John Wajvoda, filed by the defendant, Menard, Inc., on February 23, 2015 (DE #59). For the reasons set forth below, both motions are **DENIED**.

BACKGROUND

On or about October 12, 2011, the plaintiff, Barbara Wajvoda ("Plaintiff"), filed her complaint in the Porter Superior Court, sitting in Valparaiso, Indiana, under cause number 64D01-1110-CT-9854. (DE #1.) The complaint alleges negligence on the part of the defendant, Menard, Inc. ("Defendant"), arising from an alleged slip and fall incident at a Menard's store in Valparaiso,

Indiana. (*Id.*) On October 27, 2011, Defendant filed a petition for removal on the basis of diversity jurisdiction. (DE #2.) On April 3, 2012, Defendant filed a third party complaint against Mistic, Inc., alleging that a snow removal agreement existed between Defendant and Mistic, Inc. that directly involved the Valparaiso, Indiana Menard's store location on the date of the incident in question. (DE #13.) On October 16, 2013, Mistic, Inc. filed a motion for summary judgment in which it sought dismissal from the suit pursuant to an arbitration agreement between itself and Defendant. (DE #36.) In response, Defendant filed a motion to stay the crossclaim pending arbitration. (DE #45.) On February 3, 2014, Magistrate Judge Andrew P. Rodovich denied Defendant's motion to stay and recommend that its third party complaint be dismissed without prejudice. (DE #49.) On June 5, 2014, this Court approved and adopted Magistrate Rodovich's recommendation, denied Mistic Inc.'s motion for summary judgment, and dismissed Defendant's third-party complaint against Mistic, Inc. without prejudice. (DE #50.)

Subsequently, on January 5, 2015, Defendant filed a motion for summary judgment against Plaintiff, arguing that there are no genuine disputes remaining as to any material facts in this case. (DE #54.) Specifically, Defendant argues that summary judgment is warranted because it is undisputed that the subject area of the fall was "clear and free of snow and ice, after the

plaintiff's alleged fall" and because Plaintiff "cannot identify on what she claims to have flipped." (*Id*. at 10.) In support of this proposition, Defendant cites to Plaintiff's deposition testimony as well as to a recorded statement of a phone call with Plaintiff made the day after the alleged incident. (See DE #54, exhibits B & D.) On February 5, 2015, Plaintiff filed a motion to strike the aforementioned transcript of the recorded statement marked as exhibit D. (DE #57.) Plaintiff argues that the statement should be stricken because it is "incomplete, unsigned, unauthenticated, unsworn, unverified, and contains obvious deletions" and because it is neither verified nor signed by either Plaintiff or Defendant. (*Id*.) Additionally, Plaintiff argues that the transcript is inadmissible hearsay in violation of Federal Rule of Evidence 802 and should also be stricken because it is not an original as required by Federal Rule of Evidence 1002. (*Id*.) In response, Defendant filed the actual audio recorded statement and an additional copy of the transcript which is certified by David W. Rix, President of Administrative Claim Service, Inc. and further authenticated by Bunny Dilworth, the employee of Administrative Claim Service, Inc. who transcribed the recorded statement of Plaintiff. (See DE #63; DE #61; DE #62-5, exhibits E & F.) Defendant asserts that Plaintiff's statements are admissible as party admissions under

Federal Rule of Evidence 801(d)(2)(A). Plaintiff did not file a reply.

The same day that she filed her motion to strike, Plaintiff filed a response to Defendant's motion for summary judgment. (DE #56.) In it, she argues that genuine disputes exist in the record that preclude summary judgment. (*Id*.) Specifically, she argues that Plaintiff's deposition testimony creates a dispute as to whether Plaintiff can identify what caused her to fall, and she also argues that disputes exist as to Defendant's knowledge of the conditions of the sidewalk. (*Id*.) In support of her claims, Plaintiff attaches, among other documents, affidavits of herself and of her husband, John Wajvoda. (See DE #56-1, exhibits 2 & 5.) On February 23, 2015, Defendant filed a motion to strike these affidavits. (DE #59.) In it, Defendant argues that the Plaintiff's affidavit should be stricken because it directly contradicts prior sworn testimony and is inconsistent with Plaintiff's recorded statement. (DE #59.) Defendant further argues that even if the statements are not inconsistent, they should be stricken because they are only submitted to create a "sham" dispute of material fact, they contain hearsay, are not based on personal knowledge, and are speculative. (*Id*.) Defendant makes arguments as to hearsay, relevance, and inadmissible subsequent remedial measures with regard to John Wajvoda's affidavit. (*Id*.) Plaintiff filed a response to the

motion to strike on March 12, 2015, disputing Defendant's arguments. (DE #64.) Defendant filed a reply on March 23, 2015. (DE #65.) Thus, both motions to strike are ripe for adjudication.

ANALYSIS

In reference to a motion for summary judgment, "[a] party may object that the material cited to support or dispute a fact *cannot* be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2) (emphasis added). "In other words, the Court must determine whether the material can be presented in a form that would be admissible at trial, not whether the material is admissible in its present form." *Stevens v. Interactive Fin. Advisors, Inc.*, 2015 WL 791384, *2 (N.D. Ill. Feb. 24, 2015); see also *Olson v. Morgan*, 750 F.3d 708, 714 (7th Cir. 2014) ("We note that the Federal Rules of Civil Procedure allow parties to oppose summary judgment with materials that would be inadmissible at trial so long as *facts* therein could later be presented in an admissible form.") (emphasis in original).

As far as authentication is concerned, the Federal Rules of Evidence provide simply that, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Rule 901

provides several examples of proper authentication methods, including testimony of a witness with knowledge, expert or trier of fact comparisons, distinctive characteristics, and evidence about public records; the Rules acknowledge that the list is not complete. Fed. R. Evid. 901(b). "Rule 901 requires only a prima facie showing of genuineness and leaves it to the jury to decide the true authenticity and probative value of the evidence." *United States v. Harvey*, 117 F.3d 1044, 1049 (7th Cir. 1997). Additionally, Rule 902 notes that certain evidence, including but not limited to certified copies of public records, official publications, newspapers and periodicals, commercial paper, and certified domestic records of a regularly conducted activity, is self-authenticating and requires no extrinsic evidence of authenticity in order to be admitted. Fed. R. Evid. 902.

The Seventh Circuit has noted that "[a]uthentication relates only to whether the documents originated from [their purported source]; it is not synonymous to vouching for the accuracy of the information contained in those records," and the "very act of production [i]s implicit authentication." *United States v. Brown*, 688 F.2d 1112, 1116 (7th Cir. 1982); see also *Kasten v. Saint-Gobain Performance Plastics Corp.*, 556 F.Supp.2d 941, 948 (W.D. Wis. 2008) (rejecting authenticity challenge at summary judgment as disingenuous where the challenged e-mails "were documents produced by defendant during discovery"); *Fenje v.*

*Feld*, 301 F.Supp.2d 781, 809 (N.D. Ill. 2003) ("[d]ocuments produced by an opponent during discovery may be treated as authentic."); *In re Greenwood Air Crash*, 924 F.Supp. 1511, 1514 (S.D. Ind. 1995) ("Production of a document by a party constitutes an implicit authentication of that document.").

Here, to the extent that Plaintiff moves to strike the transcript of the recording (originally submitted as DE #54, exhibit D) on authentication grounds, that request is denied. Defendant has since submitted additional information sufficient to authenticate the transcript for purposes of summary judgment. (See DE #63; DE #61; DE #62-5, exhibits E & F.) Furthermore, Defendant is correct in noting that the recorded statement and/or transcript is admissible as a party admission. See FRE 801(d)(2)(A). Finally, a duplicate copy of the recorded statement and/or transcript is admissible to the same extent as the original in this situation based on the reasoning described above. See FRE 1002 & FRE 1003. Thus, Plaintiff's motion to strike (DE #57) is **DENIED**.

With regard to Defendant's motion to strike, the Court has reviewed the affidavits of Plaintiff and John Wajvoda in their entirety as well as the deposition testimony in question and finds that they should not be stricken. It is the function of the Court, with or without a motion to strike, to carefully review the evidence and to eliminate from consideration any

argument, conclusions, and assertions unsupported by the documented evidence of record offered in support of the statement. See, e.g., *S.E.C. v. KPMG LLP*, 412 F.Supp.2d 349, 392 (S.D.N.Y. 2006); *Sullivan v. Henry Smid Plumbing & Heating Co., Inc.*, No. 04 C 5167, 05 C 2253, 2006 WL 980740, at *2 n.2 (N.D. Ill. Apr. 10, 2006); *Tibbetts v. RadioShack Corp.*, No. 03 C 2249, 2004 WL 2203418, at *16 (N.D. Ill. Sept. 29, 2004); *Rosado v. Taylor*, 324 F.Supp.2d 917, 920 n.1 (N.D. Ind. 2004). Motions to strike are heavily disfavored, and are usually only granted in circumstances where the contested evidence causes prejudice to the moving party. *Kuntzman v. Wal-Mart*, 673 F.Supp.2d 690, 695 (N.D. Ind. 2009); *Gaskin v. Sharp Elec. Corp.*, No. 2:05-CV-303, 2007 WL 2228594, at *1 (N.D. Ind. July 30, 2007). When ruling on the motion for summary judgment, the Court is capable of sifting through the evidence and considering it under the applicable federal rules and caselaw, giving each statement the credit to which it is due. Therefore, the motion to strike is **DENIED** as unnecessary.

CONCLUSION

For the reasons set forth above, both motions to strike (DE #57 & DE #59) are **DENIED**.

**DATED: September 30, 2015**         /s/ Rudy Lozano, Judge
                                      **United States District Court**